UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MORENO,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 23-cv-04263-HSG<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 16 |

After Plaintiff Juan Moreno brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case, and after further proceedings, the Commissioner issued a favorable decision. Plaintiff's attorney, Katherine Siegfried, now seeks $12,688.25 in attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 16. For the following reasons, the Court **GRANTS** the motion.

## I.  BACKGROUND

After receiving disability benefits since 2019, Mr. Moreno was determined to be no longer disabled as of April 2021 and, therefore, no longer entitled to disability benefits. Administrative Record ("AR") 167-168. This determination was upheld on reconsideration, after an initial administrative hearing, and before the Appeals Council. AR 1. Mr. Moreno then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). ECF No. 1. This Court granted the parties' stipulation to a remand for further administrative proceedings. ECF No. 12. The Court subsequently granted the parties' stipulation for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,436. ECF No. 15.

On remand, the Commissioner granted Plaintiff's application and awarded $50,753 in past-due benefits, as well as $2,988 in past-due benefits for his child. ECF No. 16, Ex. 3. Under a

contingency fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits resulting from a favorable disability decision. ECF No. 16, Ex. 4.

In the Notice of Award, Plaintiff was informed that 25% of the past-due disability benefits amounted to $12,688.25 (excluding the benefits due to him for his child) and that this amount was set aside to pay his attorney fees. ECF No. 16, Ex. 3.

## II.     LEGAL STANDARD

Attorneys handling Social Security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award under the Social Security Act is paid out of a successful claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits

1  that are not in proportion to the time spent on the case." *Id.* at 1151.  The reasonableness

2  determination is not governed by the lodestar method, because "[t]he lodestar method under-

3  compensates attorneys for the risk they assume in representing [social security] claimants and

4  ordinarily produces remarkably smaller fees than would be produced by starting with the

5  contingent-fee agreement." *Id.* at 1149.

6  **III.   DISCUSSION**

7        The Court finds counsel has met her burden to demonstrate that the requested fees are

8  reasonable.  As noted above, Plaintiff entered into a contingent fee agreement providing for a 25%

9  fee, which is consistent with the statutory cap.  There is no evidence that Siegfried's performance

10  was substandard: to the contrary, counsel's representation resulted in Plaintiff receiving $53,741

11  in past-due benefits for himself and his child.  *See Matos v. Saul*, 2021 WL 1405467, at *2 (N.D.

12  Cal. Apr. 14, 2021) (awarding 25% under contingent fee agreement where plaintiff received

13  $109,899.60 in benefits upon remand); *Khlopoff v. Saul*, 2020 WL 7043878, at *2 (N.D. Cal. Dec.

14  1, 2020) (awarding 25% under contingent fee agreement where plaintiff received $73,209.00 in

15  benefits upon remand).

16        Plaintiff's counsel states her non-contingency based hourly rate for appellate cases (not

17  related to Social Security) is currently $500 per hour.  ECF No. 16, Ex. 1.  She also states she

18  spent 30.6 hours working on this case, leading to an effective hourly rate of $415 per hour.  As the

19  Ninth Circuit has observed, "lawyers are not likely to spend unnecessary time on contingency fee

20  cases in the hope of inflating their fees" because "[t]he payoff is too uncertain."  *Moreno v. City of

21  Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  "As a result, courts should generally defer to

22  the 'winning lawyer's professional judgment as to how much time he was required to spend on the

23  case.'"  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting

24  *Moreno*, 534 F.3d at 1112); see also *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal.

25  2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate

26  basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract

27  for which there runs a substantial risk of loss.").  As such, the requested fee is reasonable because

28  of the substantial risk of loss.  *See Crawford*, 586 F.3d at 1153 (approving effective hourly rates of

United States District Court
Northern District of California

$519, $875, and $902); *McCullough v. Berryhill*, 2018 WL 6002324 (N.D. Cal. Nov. 15, 2018) (approving effectively hourly rate of $874.72); *Harrell v. Berryhill*, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) (finding de facto hourly rate of $1,213 reasonable under *Gisbrecht*); *Lopez v. Colvin*, 2017 WL 168060, at * 2 (N.D. Cal. Jan. 17, 2017) (approving effective hourly rate of $1,131); *Palos v. Colvin,* 2016 WL 5110243, at * 2 (C.D. Cal. Sept. 20, 2016) (approving effective hourly rate of $1,546.39). The Court therefore finds the requested fees are reasonable.

Once the Court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Gisbrecht*, 535 U.S. at 796.  Here, the Court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Plaintiff the $7,436 in EAJA fees previously awarded. *See Khlopoff*, 2020 WL 7043878, at *2 (finding § 406(b) request reasonable and directing counsel to refund to client fees previously awarded under the EAJA).

## IV. CONCLUSION

The Court **GRANTS** counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $12,688.25, payable to Katherine Siegfried. The Court **ORDERS** the award of attorney fees pursuant to 406(b) to be paid out of Plaintiff's past-due benefits in accordance with agency policy, to the extent that such past-due benefits are available and not used to pay an attorney fee under 406(a). Counsel is **ORDERED** to reimburse Plaintiff the $7,436.00 in EAJA fees to offset the payment of 406(b) fees.

**IT IS SO ORDERED.**

Dated: 1/13/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge